UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIM JI DONG CHENG, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>       v.<br><br>T.D. BANK, N.A.,<br><br>                    Defendant. | **CLASS ACTION COMPLAINT**<br><br>**JURY DEMANDED HEREON**<br><br>**CIVIL CASE NUMBER:** |

Plaintiff Jim Ji Dong Cheng brings the following Class Action Complaint on behalf of himself and all others similarly situated:

## **NATURE OF ACTION**

1.      Defendant T.D. Bank, N.A., ("T.D.") advertises a $200 bonus to new customers ("Beyond Savings Bonus") who open a savings account ("Beyond Savings Account").

2.      The obvious allure of opening an account is to earn the bonus offered by T.D.

3.      T.D. represents to customers that the Beyond Savings Bonus will be deposited in their Beyond Savings Account after creation of the account and deposit of $20,000.

4.      The Personal Deposit Account Agreement ("Account Agreement") given to each account holder and disclosures specific to the Beyond Savings Bonus ("Disclosures") provide that bonuses will be deposited between 95 and 140 days after an account holder has deposited sufficient funds into the account.

5.      Plaintiff and the Class Members opened Beyond Savings Accounts via T.D.'s website to take advantage of T.D.'s offer.

6.    However, T.D. withheld the Beyond Savings Bonuses for reasons not articulated on its website, its Disclosures, or the Account Agreement.

7.    As a result, Plaintiff and Class Members were deprived of the bonuses promised to them.

8.    T.D.'s unlawful conduct garners illicit profits for T.D. to the detriment of its customers.

9.    Based on T.D.'s unlawful conduct, Plaintiff and the Class Members bring claims for  breach of contract, violation of the Electronic Funds Transfer Act, and violation of  New York General Business Law §§ 349 and 350.

## JURISDICTION AND VENUE

10.    This Court has jurisdiction pursuant to 15 U.S.C. § 1693m and 28 U.S.C. § 1331.

11.    This Court also has jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this case is a class action, the classes have more than 100 members, the amount in controversy exceeds $5,000,000, and Plaintiff is a citizen of a different state than Defendant.

12.    The Court has authority to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

13.    Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

14.    Venue is proper in this District per 28 U.S.C. § 1391, as the acts, omissions, or transactions that give rise to this action occurred, in substantial part, in this District. Specifically, and without limitation, Plaintiff opened and made the subject deposits to his Beyond Savings Account online from his Queens County, New York residence.

## PARTIES

15.     Plaintiff Jim Ji Dong Cheng is an adult citizen of New York who maintains residences in both New York and Texas.

16.     Defendant T.D. Bank, NA is a national banking association formed under the laws of the United States and was, at all times relevant to this Complaint, a financial institution as defined by the EFTA, 15 U.S.C. § 1693a(9). It is headquartered in New Jersey and incorporated in Delaware.

## FACTS

17.     T.D.'s website includes prominent advertisements for a bonus program in which customers who have not had an account with T.D. in the preceding twelve months can earn up to $200 for opening a Beyond Savings Account.

18.     The bottom of the website's account creation page includes Disclosures which link to the Account Agreement. The Account Agreement is attached as Exhibit 1.

19.     The Account Agreement provides that T.D. "may offer cash, rate or T.D. Bank Gift Card bonuses for opening or maintaining a personal deposit account and meeting specific criteria." Agreement at 29, subsection (o).

20.     The Account Agreement further provides that "once the offer criterion is met," and so long as the Account remains open, active and in good standing, "the bonus will be credited into the new personal deposit product." Agreement at 29.

21.     In fall 2020, Plaintiff was researching nearby banks because he was interested in opening new accounts. Plaintiff initially learned about some of the promotions offered by T.D. when he saw a mailer addressed to his roommate.

22.     Plaintiff then conducted online research through Google to see if any of T.D.'s offers were available to the public and whether signing up with T.D. would be a good deal.

23.     Plaintiff also used third-party websites to compare various other banks' offers with T.D.'s offers.

24.     Plaintiff's research confirmed that T.D.'s bonus promotions were available to the public, and on September 25, 2020, Plaintiff clicked on a promotional link on a third-party website, which redirected him to T.D.'s website, where he opened his Beyond Savings Account.

25.     After the account was approved by TD Bank, and after establishment of an external bank account fund transfer link, Plaintiff deposited $20,000 into his Beyond Savings Account on October 6, 2020.

26.     Based on the Account Agreement and Disclosure, Plaintiff's bonus should have been credited to his Account between 95 and 140 days after he made the October 6, 2020 deposit.

27.     On January 19, 2021, Plaintiff sent a message to T.D. inquiring whether and when he would receive the Beyond Savings Bonus.

28.     In response, by letter dated January 19, 2021, T.D. notified Plaintiff that he would need to wait and that any "promotional credits" for which he qualified would be automatically applied to his account within 95 to 140 days of opening the account.

29.     After 140 days passed and he had not received the Beyond Savings Bonus, Plaintiff sent another inquiry, questioning the failure to issue the promotional account bonus. The letter stated in relevant part:

> It has been 140 days now since my account was open at TD Bank. The fund of $20,000 was transferred and stayed in the account for more than 90 days. I fully meet the requirement for the promotion. However, I still have not received the bonus. Could you please check and advise?

30.     By letter dated February 12, 2021, T.D. confirmed that Plaintiff's Beyond Savings Bonus would be credited to his account within two to three business days. T.D.'s letter indicated that, if the "credit" had not been deposited after two to three business days, the inquiry could be forwarded to the promotions team for further review.

31.     On February 15, 2021, having still not received the Beyond Savings Bonus. Plaintiff sent a secure message again disputing the failure to provide him with the credit.  The letter noted that 140 days had passed, informed T.D. that it had failed to honor its promotion and had breached its contract with him, stated that there was "no reason to wait further" to issue the credit, and further stated that he was "looking forward to the resolution as soon as possible."

32.     By letter dated February 23, 2021, T.D. informed Plaintiff that he was not eligible for the Beyond Savings Bonus after all. According to T.D., Plaintiff was not eligible for the bonus because his Beyond Savings was opened through a "Direct Mailer campaign site" rather than through "an online offer."

33.     T.D. is incorrect.  Plaintiff did not open his Account from a "Direct Mailer campaign site" but instead from clicking on "Open Account" button on T.D.'s website's promotion page.

34.     During the account opening process, there was no place to enter any promotional code—let alone a code addressed to another person. Nor did the process require Plaintiff to provide any information as to how he learned about the offer.

35.     T.D.'s website promotional materials do not indicate that the Beyond Savings Bonus was ever limited to any certain group of consumers, and the reason T.D. provided for denying Plaintiff's bonus does not appear anywhere in the Account Agreement and Disclosures.

36.    Moreover, T.D. delayed notifying Plaintiff that he was not eligible for the Beyond Savings Bonus well beyond the 140 days in which the bonus was supposed to be credited despite Plaintiff's requests for information.

37.    None of T.D.'s responses to Plaintiff's dispute included notice of the Plaintiff's right to request reproductions of all documents upon which T.D. had relied.

*[continued on next page]*

38.     Other consumers report[1] that they too were denied bonuses for opening accounts with T.D. as new customers, for similarly opaque reasons omitted from the Account Agreement, Disclosures, or promotional materials:

**pp65**                                                                                              #1148453

I opened both checking and saving accounts on 10/16/2020, and transferred $20k on 10/28/2020, still have not received the $200 saving bonus.

**Don John**                                                                                          #1146584

Rip off. Don't waste your time. Opened account in Aug 2020. Met all requirements, including having closed previous account over a year prior to opening new account. TD refused to pay because I had received a checking bonus 4 years, despite there being no language in the summer 2020 offer that it's a one bonus per lifetime. Closed my account in Feb 2021, after multiple calls for them to give me bonus, which I never got paid anyway. I gave them $30k in direct deposits over 6 months and have nothing to show for it. Don't waste your time with this bank.

**Natalia Vodianova**                                                                                 #1143368

I've had to do multiple CFPB complaints with this bank. This is truly America's worst bank.

**Albert**                                                                                            #1135081

Another DP of denying 300 checking bonus even though my last account was more than 12 months.
I will file a CFPB complaint at least to make them aware of their own mistakes.

"We have received notification back from our Promotions Department that the account does not qualify as a previous account earned a Bonus.

The full terms of the offer states: "One bonus per account per Customer and cannot be combined with any other offer." You would not be eligible for a second promotional bonus.

As disclosed in the terms and conditions of the promotion, this promotion cannot be combined with any other offer, even if the bonus was received on an account preceding 12 months. We are unable to provide any exceptions to your eligibility via secure message, so if you would like to discuss your concerns further, we recommend contacting your home TD Bank Store for further assistance."

**Jeremy**                                                                                            #1136159

I filed a CFPB complaint and TD replied with that same denial ☹

## **CLASS ALLEGATIONS**

39.     Plaintiff brings this action on behalf of himself, and on behalf all other persons similarly situated, pursuant to Fed. R. Civ. P. 23.

---

[1] https://www.doctorofcredit.com/targeted-td-bank-300-checking-200-savings-bonus/

40. Plaintiff seeks to represent four classes: nationwide classes based on T.D.'s breach of contract (on whose behalf he seeks actual damages) and violation of the Electronic Funds Transfer Act (on whose behalf he seeks statutory damages, actual damages, attorneys' fees, and costs), and New York classes based on T.D.'s violations of NY GBL §§ 349 and 350 (on whose behalf he seeks actual, statutory, treble, and punitive damages, and attorneys' fees).

41. T.D.'s Account Agreement with Plaintiff and Class Members stipulates that disputes related to accounts opened online are governed by federal law and "the laws of the jurisdiction of your State of residence at the time you opened your Account online." Thus, Plaintiff's claims are governed by federal law and, to the extent not preempted, New York law.

42. The **Nationwide Breach of Contract Class** is defined as all persons in the United States:

    a. who opened a Beyond Savings Account with T.D.;

    b. within six years prior to the filing of the instant Class Action Complaint;

    c. deposited satisfactory funds; and

    d. were denied the Beyond Savings Bonus for reasons not articulated in the Account Agreement.

43. The **Nationwide EFTA Failure to Provide Notice Class** is defined as all persons in the United States:

    a. who opened a Beyond Savings Account with T.D.;

    b. notified T.D. that they were not credited the Beyond Savings Bonus;

    c. within one year prior to filing of this action, T.D. determined that an error did not occur; and

    d. for whom T.D. did not deliver or mail, within 3 business days after the conclusion of its investigation, an explanation of T.D.'s findings concerning the error that contained notice of the consumer's right to request reproduction of all documents which T.D. relied on to conclude that such error did not occur.

44.     The **New York NY GBL § 349 Class** is defined as all persons in the State of New York:

        a.    who opened a Beyond Savings Account with T.D.;

        b.    within three years prior to the filing of the instant Class Action Complaint;

        c.    deposited satisfactory funds, and kept the account open for the required length of time; and

        d.    were denied the Beyond Savings Bonus for reasons not articulated in the Account Agreement.

45.     The **New York NY GBL § 350 Class** is defined as all persons in the State of New York:

        a.    who opened a Beyond Savings Account with T.D. after seeing T.D.'s promotional materials advertising the accounts;

        b.    within six years prior to the filing of the instant Class Action Complaint;

        c.    deposited satisfactory funds, and kept the account open for the required length of time; and

        d.    were denied the Beyond Savings Bonus for reasons not articulated in the Account Agreement.

46.     Excluded from each of the three Classes is anyone employed by counsel for Plaintiff in this action and any Judge to whom this case is assigned, as well as his or her immediate family and staff.

*Numerosity*

47.     The Account Agreement and Disclosures apply to each Beyond Savings Account owned by Plaintiff and the  Classes.

48.     T.D. is an American national bank and subsidiary of Canadian multinational Toronto-Dominion Bank, which is currently the seventh-largest bank in the United States by deposits, and the ninth-largest bank in the United States by total assets. T.D. branches serve more

than 9.5 million customers in fifteen states, including the Northeast and Mid-Atlantic regions, Metro D.C., the Carolinas, and Florida.[2]

49.     The Beyond Savings Bonus has been offered to the general public and each Class set forth herein includes hundreds, if not thousands, of consumers.

50.     As such, the Classes are sufficiently numerous that joinder of all members is impracticable.

51.     Although the exact number of members of the Classes and their addresses are unknown to Plaintiff, they are readily ascertainable from T.D.'s records.

*Existence and Predominance of Common Questions*

52.     Common questions of law and fact exist as to Plaintiff and all members of the Classes and predominate over questions affecting only individual members of the Classes.

53.     These common questions include:

a.      Whether T.D. has a policy or practice of not awarding bonuses to new Accounts that fulfill the promotional offers for reasons not articulated in the Account Agreement or Disclosures;

b.      Whether the Beyond Savings Bonus is an "electronic fund transfer" within the terms of the Electronic Funds Transfer Act and whether failure to credit bonuses to qualifying accounts is an "error";

c.      Whether this practice violates the Account Agreement;

d.      Whether this practice is unlawful under the EFTA;

---

[2] https://www.tdbank.com/exc/pdf/TD_Bank_Corporate_Profile.pdf

e.     Whether T.D. disclosed to Plaintiff and Class Members its policy or

practice of not awarding bonuses for reasons other than those stated in the

Account Agreement;

f.      Whether T.D.'s policy or practice of refusing to award bonuses to new

Accounts that fulfill the requirements as articulated in the Account

Agreement and promotional documents for reasons that are omitted from

the Account Agreement  constitutes a breach of contract, and/or deceptive

business practice under New York law, and/or false advertising under New

York law.

g.     Whether T.D. denies disputes without providing the statutorily required

notice regarding the consumer's right to investigatory documents and, if

so, whether this violates the EFTA.

*Typicality*

54.     Plaintiff's claims are typical of the claims of the Classes because Plaintiff is a

member of the Classes and was subject to the same pattern of behavior as other members of  the

Classes.

55.     Thus, Plaintiff's claims—based on the same facts and legal theories as the claims

of all other members of the Classes—are typical of the claims of the Classes.

*Adequacy*

56.     Plaintiff will fairly and adequately represent the interests of the members of the

Classes. His interests do not conflict with the interests of the members of the Classes he seeks to

represent.

57.    Plaintiff has retained counsel experienced in prosecuting class actions and in consumer protection matters. There is no reason why this Plaintiff and his counsel will not vigorously pursue this matter.

*Superiority*

58.    The class action is superior to other available means for the fair and efficient adjudication of the claims at issue.

59.    The damages suffered by each individual member of the Classes may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by T.D.'s conduct.

60.    Further, it would be virtually impossible for each individual member of the Classes to redress the wrongs done to them. Even if the members of the Classes themselves  could afford such individual litigation, the court system could not.

61.    Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system presented by the complex legal and factual issues of the case.

62.    By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

63.    In the alternative, the Classes may be certified because:

a.    the prosecution of separate actions by the individual members of the Classes would create a risk of inconsistent or varying adjudication with respect to individual Class members which would establish incompatible standards of conduct for T.D.;

b.    the prosecution of separate actions by individual members of the Classes would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other members of the Classes not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c.    T.D. has acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final and injunctive relief with respect to the members of the Classes as a whole.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract)**
**On behalf of the Nationwide Breach of Contract Class**

64.    Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

65.    As consideration for Plaintiff and the Class Members to open an account with T.D., T.D. agreed to pay account holders bonuses for creating accounts and maintaining certain amounts of money in them for a certain length of time.

66.    T.D. violated its contract with Plaintiff and the Class Members by not crediting to their Beyond Savings Accounts the Beyond Savings Bonus they were entitled to under the terms of the Account Agreement and Disclosures.

67.    Instead, T.D. refused to pay bonuses on bases that were not detailed in the Account Agreement or Disclosures.

68.    By failing to credit bonuses as agreed, T.D. caused Plaintiff and Class Members damages and deprived them of the benefit of the contract.

**SECOND CLAIM FOR RELIEF**
**(ELECTRONIC FUNDS TRANSFER ACT, 15 U.S.C. § 1693 *et seq.*)**
**On behalf of Nationwide EFTA Failure to Provide Notice Class**

69.     Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

70.     The EFTA defines an "electronic fund transfer" as "any transfer of funds, other than a transaction originated by check…or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such terms include, but is not limited to…direct deposits or withdrawals of funds…." 15 U.S.C. § 1693a(7).

71.     The EFTA and its implementing regulations covers "errors" including "an incorrect electronic transfer to or from the consumer's account." 15 U.S.C. § 1693f(f); 12 C.F.R. § 1005.11(a)(1).

72.     Any person who fails to comply with any provision of the EFTA is liable to the consumer for damages. 15 U.S.C. § 1693m(a).

73.     Plaintiff's secure message exchange with T.D. beginning in December 2020 in which he explained he was entitled to the Beyond Savings Bonus constituted notification to T.D. of an error under § 1693f.

74.     As a result of a notification complying with § 1693f, T.D. was obligated to investigate the error and determine whether an error had occurred.

75.     When T.D. determined that an error did not occur, it was obligated to deliver or mail Plaintiff an explanation of its findings within three business days after the conclusion of its investigation, and upon request of Plaintiff promptly deliver or mail the consumer reproductions of all documents which the financial institution relied on to conclude that such error did not occur.

76.     T.D. also had an obligation to include notice of the right to request reproductions of all documents upon which it relied with the explanation of its findings. § 1693f(d).

77.    T.D.  failed to notify Plaintiff that he had a right to request reproductions of documents it relied upon in denying him the Beyond Savings Bonus.  Specifically, none of its written responses to Plaintiff include the statutorily required notification.

78.    As reflected in the drafting of § 1693f(d), a critical part of a good faith investigation under the EFTA is providing the subject with notice of the right to examine the documents relied upon in making determinations.

79.    T.D.'s failure to provide the required disclosure prevents account holders like Plaintiff and Class Members from learning the full basis for T.D.'s decision, potentially limiting their ability to successfully resolve their dispute, pursue their full rights, obtain additional information about the alleged errors, and fully understand the reasons for the adverse resolution of the dispute.

80.    A consumer's right to the notice in question—including, *inter alia,* notice of the right to the examine the documents relied upon by a financial institution in making the adverse determination—is a procedural right which protects consumers' concrete interests. Violation of thar right presents a risk of real harm to that concrete interest.

81.    Failure to comply with § 1693f(d)'s requirement of notice entitles Plaintiff and Class Members to statutory and actual damages pursuant to § 1693m(a) as well as attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF
### (NY GBL § 349)
### On behalf of New York GBL § 349 Class

82.    Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

83.    T.D.'s practice of not awarding bonuses for opening accounts for reasons not articulated in either the Account Agreement or the Disclosures is a deceptive act and practice

committed in the conduct of business, trade, commerce or the furnishing of a service in the state of New York.

84.    This deceptive act and practice constitutes a violation of NY GBL § 349 independent of whether the practice also constitutes a violation of any other law.

85.    T.D.'s practice is consumer oriented and involves misleading conduct that is recurring and has a broad impact upon the public.

86.    T.D.'s failure to award the Beyond Savings Bonus to new account holders who opened Beyond Savings Accounts, deposited the requisite funds, and maintained the funds in those accounts was false and deceptive and impaired the rights of consumers.

87.    Plaintiff and all others similarly situated have been damaged thereby.

88.    As a result of T.D.'s violations of GBL § 349, Plaintiff and each other member of the Class is entitled to declaratory judgment; an injunction against the offending conduct; actual damages or fifty dollars per Class member, whichever is greater; statutory damages; treble damages up to an additional $1,000 per Class member; punitive damages; costs; and attorneys' fees.

**FOURTH CLAIM FOR RELIEF**
**(NY GBL § 350)**
**On behalf of New York GBL § 350 Class**

89.    Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

90.    T.D.'s practice of not awarding bonuses for opening accounts for reasons not articulated in promotional materials is an act of false advertising.

91.    This act of false advertising constitutes a violation of NY GBL § 350 independent of whether the practice also constitutes a violation of any other law.

92.    T.D.'s practice is consumer oriented and involves misleading conduct that is recurring and has a broad impact upon the public.

93.     T.D. used deceptive marketing materials and advertised to the public that consumers who opened new accounts with T.D., deposited a certain amount of funds, and kept those funds in the new accounts for a certain length of time were eligible for bonuses. T.D.'s policy of failing to award bonuses to eligible account holders materially misled consumers, because consumers were persuaded by T.D.'s promotions to sign up for accounts to take advantage of the promised bonuses.

94.     Plaintiff and all others similarly situated have been damaged by T.D.'s false advertising.

95.     As a result of T.D.'s violations of § 350, Plaintiff and each other member of the Classes are entitled to declaratory judgment; an injunction against the offending conduct; actual damages or $500, whichever is greater or both; statutory damages; treble damages up to an additional $10,000 per Class member; punitive damages; costs; and attorneys' fees.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

**WHEREFORE,** Plaintiff and the Class members respectfully request that this Court provide the following relief:

A.     An order certifying this case as a class action under Fed. R. Civ. P. 23, naming Plaintiff as Class Representative, and appointing his attorneys as Class Counsel;

B.     A judgment declaring that T.D. Bank has committed the violations of law alleged in  this action and an injunction forbidding any future violations;

C.     An award of actual damages, statutory damages, punitive damages, treble damages, attorneys' fees, and costs;

     D.     Such other and further relief that may be just and proper.

RESPECTFULLY SUBMITTED AND DATED this 10th day of June, 2021.

              SCHLANGER LAW GROUP LLP

              By: /s/ Daniel A. Schlanger
                 Daniel A. Schlanger
                 Email: dschlanger@consumerprotection.net
                 SCHLANGER LAW GROUP LLP
                 80 Broad Street, Suite 1301
                 New York, New York 10016
                 Telephone: (212) 500-6114
                 Facsimile: (646) 612-7996

                 Beth E. Terrell, *Pro Hac Vice Forthcoming*
                 Email: bterrell@terrellmarshall.com
                 Adrienne D. McEntee, *Pro Hac Vice Forthcoming*
                 Email: amcentee@terrellmarshall.com
                 Sarah E. Smith, *Pro Hac Vice Forthcoming*
                 Email: ssmith@terrellmarshall.com
                 TERRELL MARSHALL LAW GROUP PLLC
                 936 North 34th Street, Suite 300
                 Seattle, Washington 98103-8869
                 Telephone: (206) 816-6603
                 Facsimile: (206) 319-5450

                 *Attorneys for Plaintiff and the Proposed Classes*